**UNITED STATES of America**

v.

**Mario G. RAMOS, Appellant.**

No. 04–3746.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 27, 2006.

Filed Feb. 28, 2006.

Mark S. Miller, Office of United States Attorney, Philadelphia, PA, for United States of America.

Albert J. Raman, Philadelphia, PA, for Mario G. Ramos.

Before: SLOVITER, FUENTES, and BECKER, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

Mario G. Ramos appeals from a judgment in a criminal case following a jury trial at which he was convicted of drug and firearms charges. The source of Ramos' claims on appeal is the fact that, although he was initially investigated and prosecuted by local (Pennsylvania) state officials in Bucks and Philadelphia counties, he was ultimately prosecuted by the federal authorities. Because of the sequencing and timing of events, Ramos asserts violations of the *Petite* policy and the Speedy Trial Act. We find these contentions lacking in merit. Because we write primarily for the parties who are familiar with the facts, we limit our discussion essentially to our ratio decidendi.

## I.

In Ramos' submission, the Speedy Trial Act, 18 U.S.C. § 3161, was triggered either when Ramos appeared before a Bucks County judicial officer on October 24, 2002 or when he was sentenced in Bucks County on April 29, 2003, or when the federal indictment was filed on June 10, 2003. Ramos asserts that the delay in bringing him from state custody to federal custody on October 2, 2003 must be held against the federal government since Doylestown Detective Lt. Michael Cummings, upon whose surveillance those charges were lodged, had ties to the federal government. He concludes that:

By virtue of the federal government's involvement in the investigation beginning September 10, 2002 and the arrest of Ramos on October 24, 2002, the federal government had thirty days to seek an indictment. The government's failure to indict in thirty days requires the dismissal of the indictment.

In the alternative the seventy days run date for trial must begin on October 24, 2002. Ramos was arrested and appeared in court that date on the charges that are part of the same course and conduct that is the basis of Criminal Indictment 03–0379.

 Those contentions are simply incorrect. Ramos was not arrested for the federal offense of conviction on October 24, 2002, but for a state offense. Moreover, Lt. Cummings was never employed by federal authorities; at most, he had

received federal training, which does not render him a federal agent. Ramos' Speedy Trial clock began on the date of his initial appearance in federal court and he was timely tried thereafter (after a series of continuances he requested and delays for pretrial motions he filed).

## II.

Ramos remonstrates that "three prosecutions for a single offense is far too many". Actually, the Philadelphia prosecution was dismissed after the federal charges were filed. However, as noted above, the Bucks County prosecution asserted a separate criminal act not encompassed in the federal indictment so that there could have been no violation of the *Petite* policy. At all events, the *Petite* policy is an internal Department of Justice rule that confers no right upon a defendant to use it as a basis for seeking dismissal of an indictment. *See, e.g., United States v. Harrison,* 918 F.2d 469, 475 (5th Cir.1990); *United States v. Hutul,* 416 F.2d 607, 626 (7th Cir.1969); *United States v. Claiborne,* 765 F.2d 784, 794 (9th Cir.1985), *abrogated on other grounds, Ross v. Oklahoma,* 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988); *United States v. Raymer,* 941 F.2d 1031, 1037 (10th Cir.1991).

The judgment of the District Court will be affirmed.